**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA (Roanoke Division)**

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

**LUNASOL RIOS**, on behalf of himself and others similarly situated,

***Plaintiff***,

**v.**

**MOI, INC.,**
Serve: Registered Agent Solutions, Inc.
7288 Hanover Green Dr.
Mechanicsville, VA, 23111

**-AND-**

**JAYSON CHAPMAN,**
Serve: Jayson Chapman
4915 Sugar Loaf Mountain Rd
Roanoke VA 24018

***Defendants.***

**Civil Case No.** 7:26-cv-00653

**COLLECTIVE CERTIFICATION REQUESTED**

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND RELATED STATE STATUTES**

COME NOW Plaintiffs Lunasol Rios ("Mr. Rios"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated (collectively, "Plaintiffs"), and file this Complaint against Defendants MOI, Inc. ("MOI") and Jayson Chapman ("Mr. Chapman") (collectively "Defendants") for failing to include non-discretionary bonuses earned when calculating Plaintiffs' overtime premiums and seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 203 et seq. ("FLSA") and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 et seq. ("VWPA"). Plaintiffs' FLSA and VWPA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).

The following allegations are based on personal knowledge as to the individual Named Plaintiff's own conduct and are made on information and belief as to the acts of all others. Named Plaintiff, individually, and on behalf of others similarly situated, hereby states as follows:

**INTRODUCTION**

1. This case involves Defendants' failure to incorporate all non-discretionary bonuses when calculating their regular rates of pay and overtime premiums along with failing to pay employees for all hours they worked.

2. MOI paid Plaintiffs performance bonuses to encourage them to be as productive as possible and to keep working for MOI.

3. MOI failed to incorporate the prorated portion of these bonuses in Plaintiffs' regular rates of pay or overtime premiums.

4. MOI knowingly and intentionally segregates non-discretionary performance bonuses into separate paychecks to avoid having them included in their employees' regular rates of pay to reduce overtime premiums.

5. Mr. Chapman, acting as an agent of MOI and as Plaintiff's employer, knowingly, intentionally, and repeatedly changed the number of hours that Mr. Rios and other Driver/Installers at the Roanoke facility worked and for which they were paid.

6. Mr. Chapman prevented Mr. Rios from receiving the overtime compensation he had earned by reducing the hours Mr. Rios had clocked by exercising manager override.

7. When Mr. Rios complained about these unlawful pay practices, Defendants terminated his employment.

## I. JURISDICTION AND VENUE

8. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq, and the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-29.

9. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental subject matter jurisdiction over the claims arising under Virginia state law because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C.§ 1367.

11. Venue lies in the Western District of Virginia ("this District") under 28 U.S.C. § 1391 because Defendants employed Named Plaintiffs and other similarly situated employees in Virginia, a substantial part of the events or omissions giving rise to the claim occurred in Virginia, and Defendants have done substantial business in Virginia.

## II. THE PARTIES

### Mr. Rios

12. Mr. Lunasol Rios is an individual, a United States citizen, and a resident of the Commonwealth of Virginia living in Christiansburg, Virginia.

13. At all times relevant herein, Lunasol Rios was employed by MOI as an hourly, non-exempt Driver/Installer at MOI's facility located at 520 Kimball Ave. NE Roanoke, VA 24016.

14. Mr. Rios brings this action on behalf of himself and those similarly situated, and he has given his written consent to bring this action to require Defendants to pay him and all others similarly situated for all unpaid or untimely paid overtime premiums and hours as required and seeks all available remedies for Defendants' violations of the FLSA and VWPA. Pursuant to 29 U.S.C. § 216(b), Mr. Rios's consent is attached hereto as **Exhibit 1**.

**Proposed Collective Class1 (FLSA and VWPA)**:

15. All Driver/Installers who worked at any of MOI's facilities in Virginia at any time between August 13, 2023, and the present who worked more than 40 hours in at least one week and were paid non-discretionary bonuses that were not included in their regular rates of pay or overtime premiums.

16. Under 29 U.S.C. § 216(b), employees at any of MOI's facilities must affirmatively opt-in to become members of this FLSA and VWPA class.

**Proposed Collective Class2 (FLSA and VWPA)**:

17. All Driver/Installers who worked at MOI's facility in Roanoke, Virginia at any time between August 13, 2023, and the present who worked more hours than they were paid for working.

18. Under 29 U.S.C. § 216(b), employees at MOI's facility in Roanoke, Virginia must affirmatively opt-in to become members of this FLSA and VWPA class.

**Defendant MOI, Inc.**

19. Defendant MOI, Inc. ("MOI") is a Stock Corporation formed in the State of Maryland.

20. MOI operates a chain of furniture stores in Virginia, North Carolina, Maryland.

21. MOI's principal place of business is 1801 Porter St., Ste. 100, Baltimore, MD, 21230 - 5562.

22. Named Plaintiffs all worked for MOI at its facility located at 520 Kimball Ave. NE Roanoke, VA 24016.

23. The facility was formerly known as Harris Office Furniture Co., Inc.

## III. LEGAL PRINCIPLES: COLLECTIVE ACTION ALLEGATIONS

### A. The Fair Labor Standards Act

24. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq., establishes minimum wage, overtime pay, record keeping, and employment standards for employees in the private sector and in federal, state, and local government. MOI is subject to the FLSA's overtime requirements because its annual gross volume of sales is not less than $500,000.

25. Under the FLSA, non-exempt hourly employees must receive not less than time and one-half (1.5) their regular rate of pay that week for all hours worked beyond 40 each week.

26. 29 USC § 207(e) states that "the regular rate of pay should include all remuneration for the employment paid to … the employee."

27. 29 CFR § 778.208 states that the only types of payment that can be excluded from the regular rate of pay calculations are as follows: discretionary bonuses, gifts and payments on special occasions, contributions by employers to certain welfare plans, payments made by the employer pursuant to certain profit-sharing, thrift and savings plans.

28. 29 CFR § 778.208 also states that bonuses which do not qualify under these exclusions from the regular rate must be totaled in with other earnings to determine the regular rate on which overtime pay must be based. (See Department of Labor Fact Sheet # 56C.)

29. Sign-on bonuses, retention bonuses, holiday pay bonuses, extra shift bonuses, KPI performance bonuses, and recruitment bonuses are all non-discretionary bonuses which must be included when calculating an employee's regular rate of pay.

30. Under 29 U.S.C. § 216(b), "Any employer who violates the provisions of section 206 or section 207 of this title [concerning minimum wage and overtime wages] shall be liable to

the employee or employees affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages" in addition to attorney fees and costs.

31. Under 29 U.S.C. § 203(d), "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee[,]" including Mr. Chapman.

32. The FLSA also prohibits employers from retaliating against employees for complaining about their employer's failure to comply with the FLSA. 29 U.S.C. § 215(a)(3).

33. Under the FLSA, making oral complaints about FLSA violations to the employer or its agents constitutes protected activity that protects an employee from retaliation. Minor v. Bostwick Labs., Inc., 669 F.3d 428, 432 (4th Cir. 2012).

34. "Any employer who violates the provisions of section 215(a)(3) … shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) or 218d of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

**B. The Virginia Wage Payment Act, Va. Code Ann. § 40.1-29, et seq.**

35. The VWPA requires employers to timely pay employees for all hours worked and to comply with the FLSA's minimum wage and overtime requirements.

36. "'Employer' has the same meaning as provided in 29 U.S.C. § 203." Va. Code. § 40.1-29(A).

37. Under Va. Code § 40.1-29(K),[1] "if an employer fails to pay wages to an employee in accordance with this section … the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action

[1] This section was codified as Va. Code Ann. § 40.1-29(J) prior to July 1, 2026.

consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection H, and reasonable attorney fees and costs."

38. Moreover, "[i]f the court finds that the employer knowingly failed to pay wages to an employee, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs." Id.

39. "[A] person acts 'knowingly' if the person, with respect to information, (i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information." Va. Code § 40.1-29(L).

40. "Establishing that a person acted knowingly shall not require proof of specific intent to defraud." Id.

41. VWPA claims are subject to a 3-year statute of limitations. Va. Code § 40.1-29(M).

**C. Virginia's Anti-retaliation Statute, Va. Code Ann. § 40.1-27.3**

42. Under Va. Code § 40.1-27.3, "[a]n employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action regarding an employee's compensation, terms, conditions, location, or privileges of employment, because the employee: [o]r a person acting on behalf of the employee in good faith reports a violation of any federal or state law or regulation to a supervisor … [or] [r]efuses to engage in a criminal act that would subject the employee to criminal liability."

43. "A person who alleges a violation of this section may bring a civil action in a court of competent jurisdiction within one year of the employer's prohibited retaliatory action." Va. Code § 40.1-27.3(C).

44. "The court may order as a remedy to the employee (i) an injunction to restrain continued violation of this section, (ii) the reinstatement of the employee to the same position held before the retaliatory action or to an equivalent position, and (iii) compensation for lost wages, benefits, and other remuneration, together with interest thereon, as well as reasonable attorney fees and costs." Id.

**C. Virginia's Common Law Wrongful Termination ("*Bowman*") claim**

45. Under Virginia common law, "A terminated employee may bring a Bowman claim that asserts 'a wrongful discharge … in violation of public policy[.]'" Carter v. Hunt, 83 Va. Cir. 265, 266 (Franklin County 2011) (quoting McFarland v. Virginia Ret. Servs. of Chesterfield, 477 F. Supp. 2d 727, 733 (E.D. Va. 2007)).

46. "To prevail, the plaintiff must show (1) that the statute in question either contains an express statement of public policy or is designed to protect the rights or welfare of the general public …." Carter, 83 Va. Cir. 266.

47. The employee must also prove "that the plaintiff was fired for exercising a right the statute is meant to protect." Id. (citing Shaw v. Titan Corp., 255 Va. 535, 543 (1998).

48. Under Virginia law, terminating an employee for internally complaining about violations of wage theft is a recognized *Bowman* claim. See, e.g., Frank v. True Color Painters, LLC, 108 Va. Cir. 490, 492 (Fairfax County 2021). See also **Exhibit 2** (holding internal age theft complaint is a valid *Bowman* predicate that exists independently of statutory retaliation protections found in Va. Code § 40.1-27.3).

49. An employee alleging a valid *Bowman* claim is entitled to both compensatory and punitive damages.

## IV. STATEMENT OF FACTS

50. In April 2025, Mr. Rios began working full time for MOI as a Driver/Installer loading his assigned truck, delivering merchandise to the customer via the truck, carrying the merchandise into the customer's place of business, and making sure that each piece of merchandise was accounted for and that the paperwork reflected that.

51. MOI agreed to pay Mr. Rios:

a. $20/hr.;

b. 150% of the regular rate for all hours worked beyond forty each week; and

c. non-discretionary performance bonuses.

52. Mr. Rios accepted these conditions and began working at MOI as a Driver/Installer.

53. On May 15, 2026, Mr. Rios was paid a $2,080 performance bonus attributed to this pay period that was not included in his regular rate of pay. (See **Exhibit 3**.)

54. MOI knowingly and intentionally excluded this amount from Mr. Rios's regular rate of pay by paying it in separate paychecks. (See **Exhibit 4**, at 30.)

55. MOI also did not go back and allocate this bonus on a pro-rated basis to the weeks in which it was earned when calculating his regular rates of pay and overtime premiums.

56. Had MOI included the performance bonus Mr. Rios earned, his regular rate of pay and overtime premium would have been higher and, thus, the amount unlawfully withheld would have been even greater.

57. The failure to incorporate this non-discretionary bonus into the regular rate of pay resulted in the unlawful failure to pay Mr. Rios and others similarly situated the full amounts that they were owed under the law.

58. Because of their failure to add in all non-discretionary bonuses into the regular rate and overtime rate of pay, MOI paid Mr. Rios and others similarly situated less than the amount that they were legally entitled to for their overtime premiums earned during each pay period.

59. Mr. Rios would clock in earlier than his shift was supposed to start and he would complete work such as loading his truck or taking the trash out of the cargo compartment of his truck from merchandise previously delivered.

60. When Mr. Rios returned, Mr. Chapman would override the time Mr. Rios entered in his app to reflect the time on the truck's GPS, which was on Central Standard Time. This resulted in Mr. Rios losing one hour of wages each time this happened.

61. Mr. Rios would also work throughout his day and would not take a lunch break, which meant that he worked overtime regularly.

62. Mr. Chapman would override the hours that Mr. Rios had posted and it would result in Mr. Rios receiving less compensation than he was owed, including in the form of overtime premiums.

63. For example, on the day of 06/24/2026 Mr. Rios worked 10 hours and 3 minutes according to the ADP app, but he was only paid for 9.05 hours.

64. On that date, in the ADP app, Mr. Chapman left a comment and stated, "No Lunch."

65. Due to Mr. Chapman overriding the hours that Mr. Rios had worked, Mr. Rios was paid less than the amount he was entitled to under the FLSA and VWPA.

66. On July 1, 2026, Mr. Rios and his coworker, Terrance, went to his manager, Mr. Chapman, to complain about not getting all of the compensation they had earned.

67. In response, Mr. Chapman accused Mr. Rios of being a liar and stated that HR was ready to fire him.

68. Mr. Chapman never provided a plausible explanation for why Mr. Rios's hours were changed from what he had actually worked.

69. **Five days later** – on July 6, 2026 – **Mr. Rios was terminated** from employment at MOI.

70. MOI never issued Mr. Rios a formal termination notice and has never provided an explanation for why he was terminated.

## V. CAUSES OF ACTION

### COUNT I
### Collective Action for FLSA Violations
### Failure to incorporate paid bonuses in calculating OT premiums

71. Mr. Rios and all other similarly situated class members ("FLSA Class") hereby incorporate by reference paragraphs 1-70 as if fully restated in this Count I.

72. Under 29 USC § 207(a)(1) of the FLSA, Defendants were required to pay FLSA Class "at a rate not less than one and one-half times the regular rate at which [they were] employed."

73. Under 29 CFR § 778.208, Defendants were required to include earned performance bonuses in the calculations for determining their regular rate of pay.

74. By virtue of the acts described above, Defendants knowingly paid FLSA Class hundreds of thousands of dollars less in wages than they earned by failing to include the

performance bonuses they paid FLSA Class in the calculations for determining their regular rates of pay during the pay period earned.

75. Defendants also knowingly withheld wages by reducing the hours that employees had worked in the ADP system.

76. Under § 216(b) of the FLSA, Defendants are liable to FLSA Class in the amounts withheld, plus an additional amount in liquidated damages.

77. Defendants are also liable to pay the attorney fees and costs FLSA Class incurs pursuing a remedy in this matter.

**COUNT II**
**Collective Action for VWPA Violations**
**Failure to incorporate non-discretionary bonuses in calculating OT premiums**

78. Mr. Rios and all other similarly situated class members ("VWPA Class") reallege and incorporate by reference paragraphs 1-77 as if fully restated in this Count II.

79. By virtue of the acts described above, Defendants knowingly paid VWPA Class hundreds of thousands of dollars less in wages than they earned by failing to include performance bonuses they paid members of this class in the calculations for determining their regular rates of pay during the pay periods in which those bonuses were earned.

80. Defendants also knowingly withheld wages by reducing the hours that employees had worked in the ADP system.

81. Defendants are therefore liable to VWPA Class in the amount withheld, plus an additional amount in liquidated damages -or- triple damages if this Court finds Defendants knowingly violated the VWPA.

82. Defendants are also liable to pay the attorney fees and costs VWPA Class incurs pursuing a remedy in this matter.

**COUNT III**
**Individual Action for FLSA Retaliation**

83. Mr. Rios realleges and incorporates by reference paragraphs 1-82 as if fully restated herein.

84. Mr. Rios complained to his supervisor, Jayson Chapman, that he was not being paid all wages he had earned.

85. In response to Mr. Rios's complaints, Mr. Chapman terminated Mr. Rios's employment without explanation.

86. The true reason Defendants terminated Mr. Rios was because he complained about not being paid all wages he had earned, which is a violation of the FLSA.

87. Under the FLSA, both Defendants are liable to Mr. Rios for this retaliatory conduct.

88. As a result of this unlawful retaliation, Mr. Rios lost wages and benefits since being termination.

89. Under 29 U.S.C. § 216(b), Mr. Rios is entitled to reinstatement, the payment of all wages and benefits he lost as a result of the unlawful termination, an equal amount in liquidated damages, and attorney fees and costs.

**COUNT IV**
**Individual Action for State Statutory Retaliation – Va. Code § 40.1-27.3**

90. Mr. Rios realleges and incorporates by reference paragraphs 1-89 as if fully restated herein.

91. Mr. Chapman terminated Mr. Rios because Mr. Rios complained about a violation of state and/or federal law.

92. Under Va. Code § 40.1-27.3, Mr. Rios is entitled to reinstatement, and both Defendants are liable to Mr. Rios for the payment of all wages and benefits he lost as a result of the unlawful termination, along with attorney fees and costs.

**COUNT V**

**Individual Action for Common Law Wrongful Termination – *Bowman* claim**

93. Mr. Rios realleges and incorporates by reference paragraphs 1-92 as if fully restated herein.

94. Mr. Rios reported to MOI in good faith violations of a state statute expressing a public policy of this Commonwealth that employers timely pay their employees all wages earned.

95. This Virginia statute express public policy because it was enacted to protect the general public, including Mr. Rios as an employee who earned wages.

96. As a direct and proximate result of Mr. Rios's complaints about VWPA violations, MOI retaliated against him and terminated him.

97. As a result of this unlawful termination in violation of Virginia public policy, Mr. Rios suffered both compensatory and punitive damages.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the aforementioned named Plaintiff requests judgment against Defendants and move this Court for an Order:

a. Certifying the proposed FLSA collective action under 29 U.S.C. § 216(b);

b. Certifying the proposed VWPA collective action under 29 U.S.C. § 216(b);

c. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA and VWPA collective class members, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and VWPA pursuant to 29 U.S.C. § 216(b);

d. Declaring that Defendants violated the FLSA and VWPA by failing to pay Mr. Rios and other similarly situated class members the full amount of all overtime premiums they earned;

e. Awarding Mr. Rios and all others who join the proposed FLSA collective actions damages in the amount of all wages unlawfully withheld, an equal amount in liquidated damages, plus pre-judgment and post-judgment interest, attorney fees, and costs;

f. Awarding Mr. Rios and all others who join the proposed VWPA class actions damages in the amount of all wages unlawfully withheld, plus an equal amount in liquidated damages (or triple the wages withheld if this Court determines Defendants knowingly withheld those wages), at 8%, plus attorney fees and costs;

g. Awarding Mr. Rios damages in the amount of all lost wages and benefits he suffered as a result of being unlawfully terminated in violation of the FLSA, an equal amount in liquidated damages, plus pre-judgment and post-judgment interest, attorney fees, and costs;

h. Awarding Mr. Rios damages in the amount of all lost wages and benefits he suffered as a result of being unlawfully terminated in violation of Va. Code Ann §40.1-27.3, plus pre-judgment and post-judgment interest, attorney fees, and costs;

i. Awarding Mr. Rios damages in the amount of all compensatory damages he suffered as a result of being unlawfully terminated in violation of Virginia public policy along with the maximum punitive damages permitted by law;

j. Awarding Mr. Rios and all class members their costs and fees incurred pursuing claims as provided by the FLSA and VWPA; and

k. Providing such other and further relief as this Court may deem necessary, just, and proper.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

**LUNASOL RIOS,**
**on behalf of himself and all others similarly situated**

By: /s/ Christopher E. Collins
Christopher E. Collins

*Counsel for Plaintiff*

Christopher E. Collins (VSB No. 90632)
Mia Yugo (VSB No. 92975)
**YUGO COLLINS, PLLC**
25 Franklin Road, SW
Roanoke, Virginia 24011
Tel: (540) 861-1529
Direct: (540) 855-4791
chris@yugocollins.com
mia@yugocollins.com

*Counsel for Plaintiff*